## Case No. 9,815.

### MORLOT v. LAWRENCE.

#### [1 Blatchf. 608.] [1]

Circuit Court, S. D. New York. Oct. Term. 1850.

CUSTOM DUTIES — MANUFACTURERS OF COTTON — LUSTRES — ARTICLES COMPOSED OF TWO OR MORE MATERIALS — STATUTES — REPEAL BY IMPLICATION.

1. Linen lustres, camlet lustres, toile du nord, and lustres, composed of linen and cotton, are, under the tariff act of July 30, 1846 (9 Stat. 42), chargeable with a duty of 25 per cent. ad valorem, under Schedule D, as "Manufactures composed wholly of cotton not otherwise provided for."

[Cited in U. S. v. United States Tel. Co., Case No. 16,603; Cohen v. Phelps, Id. 2,964.]

2. They are subject to this classification, under the provision of section 20 of the tariff act of August 30, 1842 (5 Stat. 565), that "on all articles manufactured from two or more materials, the duty shall be assessed at the highest rates at which any of its component parts may be chargeable;" which section 20 is not repealed, either directly or by necessary implication, by the act of 1846.

[Cited in Lottimer v. Lawrence, Case No. 8,-521; Barnard v. Morton, Id. 1,005; U. S. v. United States Tel. Co., Id. 16,603; Cohen v. Phelps, Id. 2,964.]

3. The effect of said section 20 is not to impose a duty on an article not provided for in the act of 1846, or a different duty from that act; but it simply gives a rule of construction, to determine under what schedule in the act of 1846 a given article shall be ranged for the purpose of charging the duty.

4. The act of 1846 is limited almost exclusively to establishing the rates of duty chargeable, leaving to laws then existing to provide for the assessment and collection.

5. A statute can be repealed only by an express provision of a subsequent law, or by necessary implication; the two must be so repugnant that they cannot stand together or be consistently reconciled, and then the later one will prevail.

[Cited in U. S. v. The Cuba, Case No. 14,898.]
[Cited in brief in State v. Dawson, 16 Ind. 43.]

This was an action [by Charles Morlot] against [Cornelius W. Lawrence] the col-

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

lector of the port of New York, to recover back an excess of duties paid by the plaintiffs, on certain goods known in trade and commerce as linen lustres, camlet lustres, toile du nord, and lustres, and composed of linen and cotton. They were charged with a duty of 25 per cent. ad valorem under Schedule D of the tariff act of July 30, 1846 (9 Stat. 46), on the ground that by section 20 of the tariff act of August 30, 1842 (5 Stat. 565), they were chargeable under said Schedule D as "manufactures composed wholly of cotton, not otherwise provided for." The plaintiffs claimed that they were liable to a duty of only 20 per cent. ad valorem, under section 3 of the act of 1846, as a non-enumerated article. A verdict was taken for the plaintiffs, subject to the opinion of the court on a case to be made.

Daniel Lord, for plaintiffs.
J. Prescott Hall, Dist. Atty., for defendant.

NELSON, Circuit Justice. It is admitted that, if the commercial designation is to govern, the articles in question in this case are not enumerated in any one of the schedules given in the act of 1846, and would of course fall within the third section of that act. But it is insisted, on the part of the defendant, that construing the act of 1846 in connection with the twentieth section of the act of 1842, the articles are chargeable with the highest rate of duty imposed by the former upon manufactures composed wholly of any one of the materials from which such articles are manufactured; and that, being composed of linen and cotton, they fall under Schedule D of the act of 1846, which charges a duty of twenty-five per cent. ad valorem upon manufactures of cotton.

That part of the twentieth section of the act of 1842 which is claimed to be still in force, is as follows: "And on all articles manufactured from two or more materials, the duty shall be assessed at the highest rates at which any of its component parts may be chargeable." This provision was first introduced in the tariff act of September 11, 1841 (5 Stat. 464, § 2), and reversed the general rule of construction adopted in favor of commerce, which was to rate the article according to that component part of it which was subject to the lowest duty.

It is insisted on the part of the plaintiff, that this twentieth section is either directly or by necessary implication repealed by the act of 1846, and must therefore be disregarded in expounding its provisions. The eleventh section of the latter act provides: "That all acts and parts of acts repugnant to the provisions of this act be, and the same are hereby repealed." The first section declares: "That from and after the first day of December next, in lieu of the duties heretofore imposed by law on the articles hereinafter mentioned, and on such as may now be exempt from duty, there shall be levied, &c., the following rates of duty." Then follows a list of schedules, extending from letters A to I of the alphabet, containing an enumeration of all articles subject to duty, with the rate to be imposed, and also of the free list exempt from duty. The third section declares, that there shall be levied and collected on all articles not specially provided for in the act, a duty of twenty per cent. ad valorem.

It must be admitted, therefore, that every article imported into the country, which is chargeable with any duty to the government, is either specially enumerated in the several schedules in the act of 1846, or falls within the third section, as non-enumerated, and pays the duty there prescribed; and that, when it is claimed a duty is chargeable upon an article, as being particularly specified, that article must be found under some one or other of the schedules above mentioned. It was the policy of the act: 1. To enumerate all articles specially upon which different rates of duties were to be levied; and 2. To impose a uniform rate upon all articles not enumerated. This is quite obvious from a careful perusal of its several provisions.

But, admitting all this, it by no means necessarily follows that the clause referred to in the twentieth section of the act of 1842 is not still in force, or is repugnant to or inconsistent with the provisions or policy of the act of 1846. The effect of the clause is not to impose a duty upon an article which is not provided for in the act of 1846, or a duty different from the one there intended to be imposed. This was not the object or effect of it as applied to the act of 1842, in which it was incorporated. That clause enacts simply a principle or rule of construction, which, when applied to a dutiable article, determines within what class it should be rated. In other words, speaking with reference to the act of 1846, it determines under what schedule the article should be ranged for the purpose of charging the duty.

The article in question will illustrate our view. It is a manufacture of linen and cotton, and, as such, does not fall within any of the articles specially described in any of the schedules in the act of 1846. Of course, it would be charged, under the third section of that act, with a duty of twenty per cent. ad valorem, as a non-enumerated article. But, if we apply the rule of construction provided for in the twentieth section of the act of 1842, namely, that on articles manufactured from two or more materials the duty shall be assessed at the highest rates at which any of its component parts may be chargeable, then it is an article enumerated under Schedule D of the act of 1846, being classed, by reason of such construction, as a manufacture "composed wholly of cotton, not otherwise provided for." It is proper to remark, that the words "not otherwise pro-

vided for" mean, "not otherwise provided for among the enumerated articles"; for, if the words were also intended to include the residuary clause embraced in the third section, the duty of twenty-five per cent. could not be charged even upon manufactures composed wholly of cotton.

Suppose this clause of the twentieth section had been incorporated in the act of 1846; there surely would not have been anything in it repugnant to or even inconsistent with the provisions of that act. On the contrary, it would have been in aid of it, prescribing a rule by which to determine under what enumerated head to range an article of a given manufacture.

It is true that, in many instances, the manufactured article consisting of two or more component materials is specifically enumerated and provided for in the act of 1846; and it has been argued, that this implies an exclusion of any other mode of ascertaining the duty chargeable upon articles of this description. But it will be seen, on looking into the act of 1842, in which the clause was expressly incorporated, that articles of a similar description were frequently specially provided for there; notwithstanding which, the clause was deemed material. Instances of that kind are not as frequent in the act of 1842 as in that of 1846, but they are sufficiently so to afford a full answer to the argument.

There are, too, many other sections in the act of 1842 still in force besides the one in question; and which are among the most essential in providing for the levying and collecting of the proper amount of duties chargeable on the imported article—such as the sixteenth and seventeenth sections.

The act of 1846 is limited almost exclusively to the establishment of the rates of duty chargeable on the goods, leaving to the laws already in existence to provide for the assessment and collection of the same. We must, therefore, distinguish carefully between those provisions of former laws that are repealed, and those that are not, in order to carry out the intention of congress, and ensure a full and complete operation of the revenue system.

The general principle is, that a statute can be repealed only by an express provision of a subsequent law, or by necessary implication. The two acts must be repugnant to each other, so much so that they cannot stand together, or be consistently reconciled with each other; then, the latter, being the latest expression of the will of the law-maker, must prevail.

There being no necessary repugnancy here, but the contrary, we perceive no ground for holding that the clause referred to in the twentieth section of the act of 1842 has been repealed. Consequently, the proper rate of duty on the articles in question in this case was that imposed and paid. Judgment for defendant.